```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT
```

MOUNTAHA AMMOURI,                :
                                 :
    Plaintiff,                   :
                                 :
    v.                           :        CASE NO.  3:14cv1418(RNC)
                                 :
CPD ENERGY CORP.,                :
                                 :
    Defendant.                   :

## RULING ON DEFENDANT'S MOTION TO COMPEL

The plaintiff, Mountaha Ammouri, brings this action against the defendant, CPD Energy Corporation, alleging employment discrimination. Pending before the court is the defendant's motion to compel and for sanctions.[1] (Doc. #37.) Oral argument was on November 18, 2015. For the reasons that follow, the motion is denied.

Defendant noticed the plaintiff's deposition in August 2015 and attached requests for production to the Notice of Deposition. Plaintiff objected to ten production requests on the grounds of overbreadth and relevance. (Doc. #37, Ex. C.) The deposition was canceled because plaintiff's counsel was unavailable. Defense counsel re-noticed the plaintiff's deposition but plaintiff's counsel remained unavailable. Thereafter, defense counsel both called and emailed plaintiff's counsel to select a mutually agreeable date for the deposition but plaintiff's counsel did not respond.

---

[1] United States District Judge Robert N. Chatigny referred the motion to the undersigned. (Doc. #38.)

This motion followed.  The defendant seeks an order compelling the plaintiff to appear for her deposition and produce responses to the requests for production.  Defendant also seeks an award of attorney's fees incurred in the filing of this motion.  (Doc. #37 at 1.)  The motion suffers from a number of infirmities.  It does not comply with Local Rule 37, which requires that the movant set forth a specific verbatim listing of each of the items sought and the "reason why the item should be allowed . . . ."  D. Conn. L. Civ. R. 37(a)(3).  More fundamentally, it is apparent that counsel did not make a meaningful attempt to narrow or resolve the requests in dispute as required by the Local and Federal Rules of Civil Procedure.[2]  Finally, neither the defendant's motion nor plaintiff's opposition cited any legal authority regarding the discoverability of the production requests in contention.

At the court's suggestion, counsel conferred about their disputes in the courtroom immediately before the beginning of oral argument.  They agreed:

1.  Plaintiff's deposition shall be conducted by no later than December 7, 2015.

---

[2] Even more than the present rule, the 2015 amendment to Fed. R. Civ. P. 1, effective December 1, 2015, emphasizes cooperation.  The new rule provides that the rules should be "construed, administered and employed by the court and the parties to secure the just, speedy and inexpensive determination of every action and proceeding."  The Committee Note points out that "[e]ffective advocacy is consistent with — and indeed depends upon — cooperative and proportional use of procedure."

2. Production Requests 10 and 11 sought plaintiff's tax returns, W2s, W4s, and 1099s from 2008 to the present.  Defendant narrowed the temporal scope of the requests to 2013, the year plaintiff was terminated, to the present.  Plaintiff withdrew her objections and agreed to produce responsive documents.

3. Production Requests 23 and 24 sought certain medical information from January 1, 2004 to the present.  Defendant narrowed the temporal scope of the requests to 2006 (7 years prior to plaintiff's termination) to the present.  Plaintiff withdrew her objections and agreed to produce responsive documents and to execute a medical records authorization.  See Weber v. Fujifilm Medical Systems U.S.A., Inc., No. 3:10cv401(JBA), 2011 WL 674026, at *1 (D. Conn. Feb. 17, 2011)(overruling plaintiff's objection to providing medical authorizations, observing that "[c]ourts recognize that the authorization process is markedly more efficient.")

4. Production Request 33 sought "all documents pertaining" to "all lawsuits" in which the plaintiff was a party.  Defendant narrowed the request to the plaintiff's complaint and discovery responses in litigation against Stop & Shop.  Plaintiff withdrew her objections and agreed to produce responsive documents.

5. Production Requests 35, 36 and 38 were withdrawn.

6. Production Request 41 sought the plaintiff's fee agreement.  Plaintiff withdrew her objection and agreed to provide

it.

7.    Production Request 42 sought "any and all documents" regarding attorney's fees including counsel's "hourly rate, invoices, time entries reflecting hours worked and legal costs." Plaintiff objects on the grounds of relevance.  The objection is sustained and the motion to compel is denied without prejudice to refiling later in the proceedings if necessary.  See AbdelSamed v. ING Life Ins. & Annuity Co., No. 3:12CV925(RNC)(DFM), 2013 WL 1962673, at *1 (D. Conn. May 10, 2013) (holding that fee information was not relevant to liability and denying defendant's motion to compel "to refiling in the event that plaintiff prevails at trial and files an application for attorney's fees").

The defendant's motion to compel and for sanctions is denied. Based on the parties' ultimate agreement, it is obvious that motion practice could have been avoided if counsel had made a good faith effort to confer regarding their disagreements.

SO ORDERED at Hartford, Connecticut this 24th day of November, 2015.

```
            /s/
Donna F. Martinez
United States Magistrate Judge
```